UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:22-cr-084 |
| v. | ) ) ) | PLEA AGREEMENT |
| JENNIFER LEIGH STOUT, | ) ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, Jennifer Leigh Stout, and Defendant's attorney, enter into this Plea Agreement.

A. CHARGES

1. Subject Offense. Defendant will waive Indictment (by executing a separate Waiver of Indictment form) and plead guilty to Count 1 of a United States Attorney's Information, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343.

2. No Charges to be Dismissed. There are no charges to be dismissed.

B. MAXIMUM PENALTIES

3. Maximum Punishment. Defendant understands that the crime to which Defendant is pleading guilty carries a maximum sentence of twenty (20) years in prison; a maximum fine of $250,000; and a term of supervised release of not more than three (3) years. A mandatory special assessment of $100 per count must also be imposed by the Court.

1

4. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than two (2) years in prison, without any credit for time previously served.

5. <u>Detention</u>. Provided that Defendant does not violate any conditions of Defendant's pretrial release and does not appear to be mentally at risk to harm herself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence.

C. **NATURE OF THE OFFENSE – FACTUAL BASIS**

6. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Wire Fraud)**, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) Defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money, or to obtain money from another, by means of material false pretenses, representations, or promises;
>
> (b) Defendant did so with the intent to defraud; and
>
> (c) Defendant used, or caused to be used, an interstate wire communication in furtherance of, or in an attempt to carry out, some essential step in the scheme.

7. <u>Factual Basis</u>. As a factual basis for Defendant's plea of guilty, Defendant admits the following:

> (a) Between October 2017 and March 2020, Defendant was employed as the Office Manager for Associated Anesthesiologists, P.C.

2

("AAPC") in West Des Moines, Iowa. As part of her employment with AAPC, Defendant had access to AAPC's accounting system and bank accounts, including the ability to write checks on AAPC's bank account and initiate transfers of funds from that account.

(b) Beginning in or around December 2017, and continuing until in or around March 2020, in the Southern District of Iowa, Defendant voluntarily and intentionally devised and participated in a scheme to defraud AAPC out of money and to obtain money from AAPC by means of materially false pretenses, representations, and promises, and by the intentional concealment of material facts.

(c) It was part of the scheme that Defendant knowingly and intentionally used AAPC's company funds to make unauthorized payments, via interstate wires, to Defendant. As part of this scheme, Defendant used her access to AAPC's bank account to make numerous unauthorized ACH transfers of funds from AAPC's bank account into Defendant's own personal bank accounts. Defendant then used those funds for her own personal expenses.

(d) It was part of the scheme that Defendant knowingly and intentionally wrote unauthorized checks to herself from AAPC's bank account. Defendant deposited those checks into her own personal bank accounts and used the funds for her own personal expenses.

(e) It was part of the scheme that Defendant intentionally concealed from AAPC that Defendant was making unauthorized payments of AAPC funds to herself via checks and ACH transfers. Specifically, Defendant used her access to AAPC's accounting system to disguise the unauthorized payments as seemingly legitimate business expenses of AAPC, such as reimbursements to AAPC patients and payments to AAPC vendors.

(f) In furtherance of the scheme, Defendant used and caused the use of interstate electronic wire transfers, including the ACH transfers of funds from AAPC's bank account into Defendant's bank accounts.

(g) On or about January 24, 2020, in the Southern District of Iowa,

>Defendant, for the purpose of executing the scheme described above, and to obtain money by false and fraudulent pretenses and representations, and material omissions, did knowingly cause monies to be delivered by means of interstate wire, to wit: an ACH transfer of $3,411 from AAPC's Iowa State Bank account ending in 367 to Defendant's Wells Fargo bank account ending in 830. Defendant voluntarily and intentionally concealed this unauthorized ACH transfer from AAPC by falsely recording the transfer in AAPC's accounting system as a medical insurance expense.

>(h) Iowa State Bank, located in the Southern District of Iowa, processed its electronic payments, including the above-referenced ACH transfer on January 24, 2020, via interstate wire. Specifically, that transaction was routed through the Federal Reserve Bank in Chicago, Illinois, before being wired to Defendant's Wells Fargo bank account in the Southern District of Iowa.

8. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9. <u>Waiver of Rule 410 Rights</u>. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw her plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-

chief and otherwise, including during the continuing prosecution of this case.

10. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

11. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a)    The nature of the offense to which Defendant is pleading guilty;

    (b)    The amount of financial loss, with the parties stipulating as a recommendation to the District Court that Defendant's offense caused a loss of at least $175,714.95;

    (c)    Defendant's role in the offense;

    (d)    The nature and extent of Defendant's criminal history (prior convictions); and

    (e)    Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. <u>Acceptance of Responsibility</u>. The Government agrees to recommend

that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E. **FINES, COSTS, AND RESTITUTION**

18. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration

are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19. Special Assessment. Defendant agrees to pay the mandatory special assessment of $100 at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20. Restitution. Defendant agrees that the Court should impose an order of restitution for all relevant conduct, which shall be at least $175,714.95; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

21. Financial Statement. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

F. **LIMITED SCOPE OF AGREEMENT**

22. Limited Scope of Agreement. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this

Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

23. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

24. <u>Victim not a party to this Agreement</u>. Defendant understands that Associated Anesthesiologists, P.C. and its insurance carriers are not parties to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that Associated Anesthesiologists, P.C. and/or its insurance carriers may have against Defendant. Defendant understands that Associated Anesthesiologists, P.C. and its insurance carriers remain free to pursue all lawful civil remedies they may deem appropriate.

G. **WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

25. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

    (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c) The assistance of an attorney at all stages of trial and related

proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

   (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

   (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

   (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

   (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

   (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

   (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

   (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

I. GENERAL PROVISIONS

29. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32. <u>Consent to Proceed by Video Conferencing</u>. Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

J. SIGNATURES

33. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am

satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

4-15-22
Date

Jennifer Leigh Stout

34. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

4-15-2022
Date

Sean Spellman
Attorney for Jennifer Leigh Stout

35. <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

                                                      Richard D. Westphal
                                                     United States Attorney

6/14/2022                   By:    *Ryan Leemkuil* (signature)
Date                                     Ryan W. Leemkuil
                                                     Assistant U.S. Attorney
                                                     U.S. Courthouse Annex, Suite 286
                                                     110 East Court Avenue
                                                     Des Moines, Iowa 50309
                                                   Telephone: 515-473-9300
                                                   Telefax: 515-473-9292
                                                   E-mail: ryan.leemkuil@usdoj.gov